UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13771-GAO

BASKIN-ROBBINS FRANCHISING, LLC,
Plaintiff,

v.

ALPENROSE DAIRY, INC.,
Defendant.

OPINION AND ORDER
September 25, 2015

O'TOOLE, D.J.

This case is a declaratory judgment action brought by plaintiff Baskin-Robbins Franchising, LLC ("Baskin-Robbins") against defendant Alpenrose Dairy, Inc. ("Alpenrose"). Baskin-Robbins seeks a declaration that its Territorial Franchise Agreement ("TFA") with Alpenrose expired at the end of its most recent term. Alpenrose has moved to dismiss for lack of personal jurisdiction or, alternatively, to transfer venue under 28 U.S.C § 1404(a) to the Western District of Washington.

**I.    Background**

The parties executed the TFA in California in 1965. In brief, under the TFA, Baskin-Robbins authorized Alpenrose to recruit retail franchisees for the sale of Baskin-Robbins ice cream products within a specified territory and to manufacture, distribute, and sell ice cream products to those franchisees as a wholesaler. The original designated territory encompassed the States of Oregon and Washington; it has since been expanded to include additional territory in Idaho and Montana. Consistent with a provision of the agreement, the parties have renewed the TFA every

six years since its execution, until the end of 2013, when Alpenrose notified Baskin-Robbins that it would not renew after the term expiring in December 2014.

Alpenrose's principal place of business is in Oregon. In the late 1990s, Baskin-Robbins moved its principal place of business from California to Massachusetts. Notwithstanding the change in location, Alpenrose continued to send Baskin-Robbins notices of renewal.

## II. Discussion

The exercise of personal jurisdiction over a defendant must be authorized by the Massachusetts long-arm statute, Massachusetts General Laws Chapter 223A, Section 3, and must be consistent with the requirements of due process, Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002). The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Id. at 50. Courts "may choose from among several methods for determining whether the plaintiff has met this burden." Id. at 50–51. For the plaintiff, the least taxing among these is the prima facie method, in which the plaintiff's proffered evidence of jurisdiction is read in the light most favorable to exercising jurisdiction. Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008). Using that method here, the Baskin-Robbins fails to carry its burden.

Because Massachusetts courts read the long-arm statute as stretching to the limits allowed by the Constitution, the jurisdictional analysis can proceed directly to evaluating the constitutional requirements. See Daynard, 290 F.3d at 52 (citing "Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp., 280 N.E.2d 423, 424 (Mass. 1972)).

To satisfy those requirements, Baskin-Robbins must show not only that its claim arose out of or is related to Alpenrose's activities in Massachusetts, but also that Alpenrose purposefully availed itself of the privilege of conducting activities in Massachusetts, thereby invoking the

benefits and protections of Massachusetts laws and making its involuntary presence before courts in Massachusetts foreseeable, and further that the exercise of jurisdiction in Massachusetts is reasonable in light of the "Gestalt factors." Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007).

The fact that a non-resident enters into a contract with a Massachusetts resident is not by itself sufficient for the due process inquiry. See Bond Leather Co. v. Q.T. Shoe Mfg. Co., 764 F.2d 928, 933 (1st Cir. 1985). The manner in which the parties carried out the terms of their agreement must also be evaluated. Years ago, Alpenrose agreed with a California company to act as a sub-franchisor for the latter's products in the Pacific Northwest. After a couple of decades, the California company moved its headquarters to Massachusetts, and the parties continued their existing relationship. There is nothing in that history that suggests that Alpenrose intended to purposefully avail itself of the privilege of conducting business within Massachusetts. See United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1090–91 (1st Cir. 1992).

Alpenrose did not choose Massachusetts; Baskin-Robbins did. By renewing its agreement with Baskin-Robbins, Alpenrose was ensuring that it could continue to do its Baskin-Robbins business in Oregon, Washington, and neighboring States. For all that appears, Alpenrose would have sent its renewal notices (and any other communications) to Timbuktu, if that is where Baskin-Robbins located itself. The mere knowledge that Baskin-Robbins was now in Massachusetts does not subject Alpenrose to the jurisdiction of a court there. See Phillips, 530 F.3d at 28–29 (finding that "mailing a contract with full terms to Massachusetts for signature" and follow-up communication did not render defendant amenable to suit in Massachusetts).

The so-called "Gestalt factors" also counsel against subjecting Alpenrose to this Court's jurisdiction. Massachusetts does not have a strong interest in adjudicating this dispute, which

3

involves a contract performed in Oregon, Washington, Montana, and Idaho. It would be a significant burden to Alpenrose to defend in this forum, and it is not clear that Baskin-Robbins cannot obtain convenient and effective relief elsewhere. The interest of the judicial system in an effective resolution of this controversy is not better served by adjudicating it here.

For these reasons, I conclude that this Court's exercise of personal jurisdiction over Alpenrose would not be consistent with due process considerations.

## III. Conclusion

For the foregoing reasons, Alpenrose's Motion to Dismiss for Lack of Jurisdiction and Improper Venue or in the Alternative to Transfer Venue (dkt. no. 11) is GRANTED to the extent that this action is dismissed for want of personal jurisdiction over the defendant.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge